IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re: | : |
| | : |
| W. P. HICKMAN SYSTEMS, INC., | : Jointly Administered at |
| HICKMAN MANUFACTURING, INC., | : Bankruptcy No. 08-26591JAD |
| and A. M. TECHNOLOGIES, INC., | : |
| | : |
| Debtors, | : Chapter 11 |
| | : |
| W. P. HICKMAN SYSTEMS, INC., | : Adv. No. 10-2289JAD |
| HICKMAN MANUFACTURING, INC., | : |
| and A.M. TECHNOLOGIES, INC.. | : |
| | : |
| Plaintiffs, | : |
| | : |
| v. | : |
| | : |
| V & R SHEET METAL LLC, | : |
| | : |
| Defendant. | : |

## MEMORANDUM OPINION

The matter before the Court is the *Complaint to Avoid and Recover Preferential Pre-Petition Transfers Pursuant to 11 U.S.C. §§547 and 550* (the "Complaint") filed by the jointly administered Debtors seeking to recover alleged preferential payments made by the Plaintiffs to the Defendant V&R Sheet Metal LLC. This Court has jurisdiction pursuant to 28 U.S.C. §1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F). For the reasons expressed below, the *Complaint* shall be denied.

I.

The Debtors, W.P. Hickman Systems, Inc., Hickman Manufacturing, Inc. and A.M. Technologies, Inc., (the "Debtors"), whose cases are being jointly administered pursuant to an Order of Court dated October 6, 2008, filed this adversary complaint against V&R

Sheet Metal LLC ("V&R") seeking recovery of alleged preference payments.[1] The facts of this case are not complicated and primarily undisputed. The payments to V&R were pursuant to a contract for work performed at property located in Moses Lake, Washington for a facility referred to by the parties as the Weyerhaeuser Facility. V&R was a subcontractor for the Debtors for the fabrication and installation of sheet metal. The contract was not assumed or assigned in the Plaintiffs' bankruptcy case.

The Debtors made six payments to V&R totaling $710,063.56 within the preference period. Prior to the petition being filed mechanics liens were filed by V&R. Upon receiving postpetition payment for outstanding amounts owed, V&R released the liens. V&R performed work pursuant to the contract until the project was completed postpetition.

## II.

In their complaint, the Debtors contend that the various payments made to V&R were preferential payments and seek to have the payments recovered. The Debtors assert that each element of the preference action has been shown through not only stipulated facts, but also facts that it has requested the Court to take judicial notice. Specifically, the Debtors seek to have the Court take judicial notice of documents of record to prove the fifth element of the preference action.

V&R asserts several reasons for its position that the payments were not preferential. It contends that the Debtors did not make a prima facie showing of the preference elements. In particular, V&R argues that the Debtors have failed to prove the fifth element of the preference action because judicial notice is not appropriate in this

---

[1] V&R was a creditor of A & M Technologies, Inc. Because these cases have been jointly administered and the jointly administered Debtors have filed this adversary as the Plaintiffs, reference will be made to the Debtors collectively.

instance. V&R asserts that the facts that the Debtors seek to have the Court take judicial notice are nonadjudicative and therefore not appropriate for judicial notice. Of course, absent judicial notice of those facts, there is no evidence of record to prove the elements of the Debtors' preference action. V&R also contends that it was a secured creditor as a result of liens filed for invoices and payments not at issue in this proceeding. Because of its lien rights, V&R argues that the payments did not "prefer" it over unsecured creditors and, further, the comparison to recovery in a Chapter 7 liquidation is unnecessary.

In addition, V&R asserts the affirmative defenses that the transactions were in the ordinary course pursuant to 11 U.S.C. §547(c)(2) and that it provided new value to the Debtor pursuant to 11 U.S.C. §547(c)(4).

The burden of proving that the transfers are preferential pursuant to 11 U.S.C. §547(b) falls upon the debtor. See 11 U.S.C. §547(g). All five elements of the preference must be proven. See id.; see also Bierbach v. Wagner, 1:07-cv-0072, 2007 WL 1074473 (M.D. Pa. April 4, 2007). Once the debtor establishes the elements, the burden then shifts to the transferee to prove that such transfers fall within an exception and are not avoidable. See 11 U.S.C. §547(g); see also In re Philadelphia Newspapers, LLC, 468 B.R. 712 (Bankr. E.D. Pa. 2012). The burden of proof is by a preponderance of the evidence. See In re Bayonne Medical Center, 429 B.R. 152, 174 (Bankr. D. N.J. 2010).

In order for a transfer of an interest in property of the Debtor to be avoided, it must be shown that the transfer was:

(1) to or for the benefit of a creditor;
(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
(3) made while the debtor was insolvent;

(4) made

    (a) on or within 90 days before the date of the filing of the petition; or

    (b) between ninety days and one year before the date of the filing of the petition, if such creditor was an insider; and

(5) that enables such creditor to receive more than such creditor would receive if - -

    (A) the case were a case under chapter 7 of this title;

    (B) the transfer had not been made; and

    (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. §547(b).

### III.

The majority of elements of this preference action are based upon undisputed facts. Nevertheless, the Court addresses each element of the Debtors' preference action for purposes of completeness. Specifically, the record reflects that there was a transfer of interest in property of the Debtors in the form of money transferred to V&R. In this regard, the Debtors made six payments to V&R totaling $710,063.56.[2] As to the first element of 547(b), the money transferred was for the benefit of V&R. At the time of the transfers, V&R was a creditor of the Debtors as a result of the contract entered into between the parties. Pursuant to 11 U.S.C. §101(10A), a "creditor" is, in relevant part, an "entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor". 11 U.S.C. §101(10A). V&R had a claim against the Debtors at or before the filing date due to the services it performed for the Debtors. Therefore, the first element of the preference action has been met.

---

[2] The transfers were: $20,970.00 dated July 3, 2008 and cleared July 15, 2008; $29,913.55 dated July 18, 2008 and cleared July 31, 2008; $27,747.00 dated July 24, 2008 and cleared August 4, 2008; $428,933.01 dated August 7, 2008 and cleared August 13, 2008; $146,340.00 dated August 28, 2008 and cleared September 2, 2008; and $56,160.00 dated September 5, 2008 and cleared September 9, 2008.

The second element that the Debtors must show is that the payments made to V&R were on account of an antecedent debt owed by the Debtors before such transfers were made. An antecedent debt occurs when "a right to payment arises - - even if the claim is not fixed, liquidated or matured". In re First Jersey Securities, Inc., 180 F.3d 504, 511 (3d Cir. 1999); 11 U.S.C.§101(5). Under the terms of the contract, V&R performed services for the Debtors for which it was to be paid a total of $1,315,193.00. (See Doc. #40, Ex. A). V&R made requests for progress payments as work was performed. Id., p. 4. Art. 5. The payments made were therefore made on preexisting obligations. Accordingly, the second element has been met.

The third element that the Debtors must show is that the transfers were made while the Debtors were insolvent. The Debtors offered no direct evidence regarding their insolvency. However, pursuant to 11 U.S.C. §547(f), there is a presumption of insolvency which can be rebutted. No evidence was submitted for purposes of rebutting this presumption. Therefore, the third element has been met.

The fourth element to be shown is that the transfers must have been made within ninety days of the filing the bankruptcy petition.[3] This case was filed on October 2, 2008. The ninety day reachback period for preferential transfers is July 3, 2008. All of the transfers at issue were made and/or negotiated between July 3, 2008 and September 9, 2008. The transfers fall within the ninety day reachback period and, accordingly, the fourth element of the preference action has been met.

The fifth and final element that the creditor received more than it would have received if the case were in a chapter 7 is, unlike the previous four elements, the primary

---

[3] The reachback period of between ninety days and one year for transfers to insiders of the Debtors is inapplicable to the present case.

subject of dispute. At the hearing, the Debtors did not present any direct evidence to establish that V&R received more as a result of the transfers than it would have had the case been in a Chapter 7 and the transfers had not been made. No evidence was presented regarding the Debtors' financial condition, the assets of the Debtors, the amounts available for distribution to creditors (either including or without the transfers in question) or any other aspect of the Debtors' bankruptcy. Rather, at the hearing, the Debtors asked this Court to take judicial notice of documents in the record and facts contained therein to establish that V&R received more as a result of the transfers than it would have if the Debtors were in Chapter 7 and V&R had not received the transfers.

The Debtors did not file a motion requesting judicial notice or provide any other form of advance notice of this request for judicial notice to V&R or the Court. In fact, the Debtors' *Pre-Trial Memoranda* stated that "the only material fact which the Plaintiffs intend to prove is that the Defendant received more than it would have in a hypothetical chapter 7 pursuant to 11 U.S.C. §547(b)(5)". (See Doc. # 38, Section B.)

The documents of record that the Debtors request to have this Court take judicial notice of are not a mere few. The Debtors seek judicial notice be taken of no less than eighteen documents and three dockets. (See Doc. #52, *Reorganized Debtor's [sic] Post-Trial Brief*, Section A. ¶¶A-R). Those documents include each of the Debtors' Petitions, Schedules and Statement of Affairs, claims registers and several orders of court approving sales of property, reports of sale, the Debtors' Disclosure Statement and Joint Plan of Liquidation and the orders of court approving the Disclosure Statement and Joint Plan. Id. None of the eighteen documents for which judicial notice was requested was listed as an exhibit on the Debtors' Pre-Trial filings.

Within the eighteen documents, the Plaintiffs further seek to have judicial notice taken of thirty-four separate facts. (See id., ¶¶1 -34). The facts pertain generally to the amounts reflected on the claims registers, the amounts received for the sale of the Debtors' assets, the specific amount of "book value" of the Debtors' assets as reflected in the Disclosure Statement, the Credit Facility and Security Agreement with the secured lender, and the chapter 7 liquidation analysis in the Disclosure Statement. As to the thirty-four facts, again, no direct evidence was presented through a witness or affidavit.

### IV.

Rule 201 of the Federal Rules of Evidence allows a court to take judicial notice of adjudicative facts. See Fed. R. Evid. 201(a). Facts that may be judicially noticed are those not subject to reasonable dispute because of either being generally known within a trial court's territorial jurisdiction or being accurately and readily determined from sources whose accuracy cannot reasonably be questioned. See Fed. R. Evid. 201(b).

Pursuant to Fed. R. Evid. 201(c) a court may, in its discretion, take judicial notice on its own. See Fed. R. Evid. 201(c)(1). Where a party requests judicial notice and supplies the necessary information a court must take judicial notice. See Fed. R. Evid. (c)(2).

In Nantuck Investors II v. California Fed. Bank (In re Indian Palms Associates, Ltd.), 61 F.3d 197, 205 (3d Cir. 1995) the United States Court of Appeals for the Third Circuit cautioned "the fact that a document is included in the relevant record does not mean that the bankruptcy judge ... is entitled to use it for any purpose. Just as with documents in the record of a civil action filed in a district court, there are principles that limit its use."

Among those limitations expressed by the court in Indian Palms is the requirement of "evidentiary competency". Id. In order for a court to take judicial notice of a document, it must meet evidentiary standards. Id. That is, a document is to meet the standard requirements for hearsay, relevance and foundation. See American Prairie Const. Co. v. Hoich, 560 F.3d 780, 796-797 (8th Cir. 2009); see also Farmers State Bank v. Devries (In re Devries), Adv. 11-9008, 2012 WL 528223 (Bankr. N.D. Iowa Feb. 17, 2012)(denying request for judicial notice where counsel provided no evidence of relevancy or support that document fell within hearsay exceptions).

Generally, case law holds that a court may take judicial notice of its own documents. See e.g., In re Straughn, 428 B.R. 618, 621 (Bankr. W.D. Pa. 2010). However, it may not do so for the truth of the contents contained therein. See e.g., Indian Palms, 61 F.3d at 205. A distinction is recognized between taking judicial notice of the filing and existence of the documents and the truth of the factual assertions contained in the documents. See Mahmud v. JTH Investment Group, Adv. No. 92-3313, 2008 WL 80099115 (Bankr. E.D. Pa. Dec. 4, 2008). Taking judicial notice of a document addresses its authenticity which is not a guarantee of its admissibility. Id. (citing Russell, *Bankruptcy Evidence Manual* 201:5 (2008 ed.)).

In the specific context of a bankruptcy proceeding, it has been held that judicial notice may not be taken for determining the actual truth of the assertions contained in the bankruptcy schedules (see e.g., French v. Diller (In re Stauffer), Adv. 92-3313, 1994 WL 115914 (Bankr. N.D. Ohio March 24, 1994)), the disclosure statement (see e.g., In re Renegade Holdings, Inc., 457 B.R. 441 (Bankr. M.D.N.C. 2011)), the petition (see e.g. Singer Sewing Co. v. Harmon (In re Harmon), Adv. No. 91-0147, 1992 WL 13624 (Bankr. W.D. Tenn. Jan. 1, 1992)) or proofs of claim (see Mahmud, supra).

For the specific purpose of determining the liquidation analysis of 11 U.S.C. §547(b)(5) such as at issue here, it has nevertheless been held that "[b]ankruptcy courts generally take judicial notice of the documents in a case when making the 'greater percentage' analysis." In re AmeriServe Food Distribution, Inc., 315 B.R. 24, 32 (Bankr. D. Del. 2004) citing In re Saco Local Dev. Corp., 30 B.R. 862, 865 (Bankr. D. Me. 1983). In calculating whether a creditor would receive more than such creditor would in a Chapter 7, courts have held that "it is appropriate to take judicial notice of a Debtors' bankruptcy case as a whole". Id.

Courts have been reluctant, however, to use judicial notice as a complete substitute for the presentation of evidence of an element of a preference claim. See e.g., In re Herb Goetz & Marlen Horn Associates, Inc., 120 F.3d 268 (9th Cir. 1997)(denial of request for judicial notice of schedules and proofs of claims in preference action was proper); Glass v. J&P Enterprises, Inc. (In re Johnston Indus., Inc.), Adv. No. 05-4164, 2006 WL 3694633, *2 (Bankr. M.D. Ga. Jan. 27, 2006)("Plaintiff should note that in a case of this complexity, the Court will not be persuaded by mere reference to the schedules via judicial notice.")

A further limitation on judicial notice is the "rule that each litigant should be given a fair opportunity to rebut and put into perspective the evidence admitted against its position. It is understood, for example, that the facts relating to the merits of the case will be decided on the basis of evidence admitted into the *trial* record." Indian Palms, 61 F.3d at 205. Although judicial notice may be taken at any stage of the proceeding (see Fed. R. Evid. 201(d)), a court may take judicial notice only "as long as it is not unfair to a party to do so and does not undermine the trial court's fact finding authority." Id.

(citing 21 Charles Alan Wright & Kenneth Graham, Jr., *Federal Practice and Procedure* §5110, at 525 (1977)).

Even prior to the Indian Palms decision, the Third Circuit in In re Aughenbaugh, 125 F.2d 887 (3d Cir. 1942), expressed a certain caution regarding taking judicial notice. The Aughenbaugh court reversed and remanded a decision in which the courts below considered filings in the bankruptcy proceeding including bankruptcy schedules and proofs of claims that had not been offered into evidence. The court found that it was not proper to consider other evidence which may have been in the bankruptcy court file:

> To hold otherwise would be to violate the fundamental concept of procedural due process that a party to litigation is entitled to have the evidence relied on by his opponent presented at the hearing of his case so that he may have opportunity to cross-examine his opponent's witnesses and to offer evidence in rebuttal.

Id. at 889.

In determining whether a court can take judicial notice absent prior notification to the parties, the district court in Annis v. First State Bank of Joplin, 96 B.R. 917 (W.D. Mo. 1987), stated that:

> [t]he bankruptcy court, like any other court, has authority to take judicial notice of its own files and records, but given that the items contained in these records are often not the ordinary fare of judicial notice subject matter ... I believe it only reasonable that the disadvantaged party be afforded notice and an opportunity to respond.

96 B.R. at 920-921.

### V.

Against this background, the Court considers the Debtors' judicial notice request. The Debtors argue that all of the documents being requested for judicial notice are matters of public record and not subject to reasonable dispute. The Debtors appear to

equate the authenticity of the documents filed of record with their admissibility. There is no reasonable dispute that the documents contain certain contentions; but contentions do not become admissible truth by merely being in a public record. See Russell, *Bankruptcy Evidence Manual* 201:5 (2011 ed.)("It is difficult to understand why the filing of a document with a court should magically result in the contents of the document attaining a sufficient degree of reliability to overcome evidentiary objections such as hearsay to its admissibility in a trial before a bankruptcy judge.").

In the instant case, the Debtors did not request that judicial notice be taken of any filings or the facts contained therein until the evidentiary hearing held on the matter. They did not seek to admit into evidence by way of witness testimony or submission of the documents filed of record any of the facts that are the subject of the judicial notice request. V&R, therefore, had no notice that the Debtors would request that the court take judicial notice of the various documents and facts in order to prove the fifth element of their preference action. Nor did V&R have notice as to which filings or facts contained in those filings would be the subject of the Debtors' judicial notice request. V&R had no opportunity to assess whether or not the request for judicial notice was appropriate or to rebut the evidence at the time of trial that the Debtors now seek to have considered.

The Debtors argue that V&R had notice of each of the pleadings and orders entered since it was a creditor in the case and did not file objections to them. However, the purpose was not the same for the documents then filed or orders then entered as now being offered in the preference action. (For example, the basis for an objection to a disclosure statement and its liquidation analysis would be that it contained inadequate information, not that the liquidation analysis was inaccurate). Therefore, the Court is not persuaded that the failure to object previously in the case is significant. The lack of

notice is not in keeping with the requirement of providing a fair opportunity set forth in Indian Palms.[4]

Even if sufficient notice of the judicial notice request had been provided to V&R, the Debtors' request is extensive and would require the Court to engage in a multi-step process and analysis of judicially noticed facts in order to piece together the puzzle to determine the fifth element of its preference action. The Debtors seek to have judicial notice taken of the Debtors' petition, schedules, claims registers, orders approving asset sales, reports of sales, disclosure statement, plans of reorganization, orders confirming the disclosure statement and plan, and somehow rummage through the files. This Court is not inclined to do so.

The fact of the matter is that courts are not inclined to "rummage through files" to determine whether a party has satisfied its burden of proof. See In re Kaib, 448 B.R. 373 (Bankr. W.D. Pa. 2011) citing In re Rusty Jones, Inc., 134 B.R. 321 (Bankr. N.D. Ill. 1991); In re Hillard Dev. Corp., 238 B.R. 857 (Bankr. S.D. Fla. 1999)("invocation of Fed. R. Evid. 201(d) does not relieve a party of the duty to gather, organize and present evidence to the court"). As the court in Harmony Holdings, LLC, 393 B.R. 409 (Bankr. D.S.C. 2008) noted:

> A party should not shuffle reams of paper and ask the Court to locate and judicially notice all the facts that support the party's case. First, given the

---

[4] The Debtors also contend that the Disclosure Statement containing the hypothetical liquidation analysis and the order approving the Disclosure Statement constitute the law of this case. This argument is rejected. For the law of the case to apply as a bar, an issue must have been previously decided. See e.g., Field v. Mans, 157 F.3d 35, 40 (3d Cir. 1998). In order to approve a disclosure statement, a court must find only that it contains adequate information. See 11 U.S.C. §1125(b). The order approving the Debtors' Disclosure Statement entered by Judge McCullough provides that it contained "adequate information." No specific findings were made with regard to the liquidation analysis or any other particular aspect of the Disclosure Statement. (See Case No. 08-26591JAD, Doc. #692). Nor is the Court aware of any other order of record making such findings.

scope of Fed. R. Evid. 201, it would be a rare occurrence indeed of all facts necessary to prove a party's case were so uncontroverted as to justify judicial notice. More importantly, it is not this Court's function to endlessly explore the record for facts that support the case of either party (citation omitted) ... 'While the court may, in its discretion, take judicial notice of matters of public record, it is not the responsibility of the court to scour the record to make a party's case for it.'

Id. at 416.

### VI.

For the reasons above, the Court finds that judicial notice of the numerous documents and facts is not appropriate in this instance. Morevoer, the Debtors request for judicial notice came at the eleventh hour and, accordingly, V&R did not have a fair opportunity to respond. Accordingly, the Debtors have failed to prove that V&R received more than it would have under a hypothetical Chapter 7 liquidation.

Because this Court finds that the Debtors have not shown a prima facie case, the Court need not address the arguments of V&R concerning its secured status or its affirmative defenses of ordinary course of business and subsequent new value.

Having failed to prove each of the elements of the preference action, the Debtors' complaint fails. A separate order denying the complaint shall be entered.

Dated: July 13, 2012

Jeffery A. Deller
U.S. Bankruptcy Judge

case administrator to serve:

Michael A. Shiner, Esq.
Gary F. Seitz, Esq.

**FILED**

JUL 13 2012

CLERK, U.S. BANKRUPTCY COURT
WEST. DIST. OF PENNSYLVANIA